**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Jones, | No. CV-23-01564-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Vector Technology Systems LLC, et al., | |
| Defendants. | |

On January 16, 2024, the Court clarified that "the complaint properly names individual trustees (by pseudonyms) rather than naming the Susan Cohn Revocable Trust as a party"—which was "correct because the Susan Cohn Revocable Trust lacks the capacity to be sued and could not be a proper party to this case"—but noted that "[u]nfortunately, the docket erroneously lists 'Susan Cohn Revocable Trust' as a party, including the Jane/John Doe trustees as mere descriptors" and ordered, *inter alia*, that the Clerk of Court "update the docket to reflect that the Susan Cohn Revocable Trust is not a defendant—instead, the proper defendant (for now) is John/Jane Doe, as trustee of the Susan Cohn Revocable Trust." (Doc. 9.)

On April 22, 2024, Plaintiff filed an amended complaint, which named "Susan Cohn, as trustee of the Susan Cohn Revocable Trust" in place of John/Jane Doe. (Doc. 17.)

However, the docket still erroneously lists "Susan Cohn Revocable Trust"—an entity that has never been named as a party in this case—as a defendant in this action and

includes the inaccurate assertion that the Susan Cohn Revocable Trust is the "trustee" of Susan Cohn herself. Susan Cohn should be listed on the docket as a defendant twice—once as "an individual," and once as "trustee of the Susan Cohn Revocable Trust." The Clerk of Court is directed to correct this.

Furthermore, Susan Cohn, as trustee of the Susan Cohn Revocable Trust, must be represented by counsel—she cannot be represented by the Susan Cohn Revocable Trust, as is currently stated on the docket, nor can she be represented by herself as a pro se litigant. A nonlawyer cannot represent herself to the extent that she appears in her capacity as trustee for a trust. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987) ("Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust, without joining persons 'for whose benefit the action is brought;' the rule does not warrant the conclusion that a nonlawyer can maintain such a suit *in propria persona.* The reciprocal relation between the bar and the bench permits an exception only for a person acting personally.").

In an (impermissible) attempt to proceed pro se,[1] Ms. Cohn has filed a motion to dismiss for failure to state a claim (Doc. 23) and a motion to set aside the default entered against her as trustee (Doc. 24). Because these motions were not filed by competent counsel—and as discussed above, a trustee cannot proceed pro se on behalf of a trust—the motions must be struck.

The Court clarifies, however, that the motion to set aside the default conflates distinct legal concepts: (1) default and (2) default judgment. As of now, Ms. Cohn is in default, both as an individual and as trustee of the Susan Cohn Revocable Trust. (Docs. 9, 22.) There is no default judgment yet. In fact, Plaintiff has not yet filed a motion for default judgment as to any of the Defendants in this action, although all of the remaining Defendants have defaulted. Unless any Defendant (properly) files a motion to set aside the default, the next step in this litigation will be for Plaintiff to file a motion for default judgment.

---

[1] To be clear, Susan Cohn could represent herself *as an individual*, if she chose to do so, but she cannot represent herself *as a trustee*.

1     Accordingly,

2     **IT IS ORDERED** that the Clerk of Court update the docket to reflect that the Susan Cohn Revocable Trust is not a defendant—instead, the proper defendant is Susan Cohn, as trustee of the Susan Cohn Revocable Trust—and that no one is currently representing this Defendant.

    **IT IS FURTHER ORDERED** that the motion to dismiss (Doc. 23) and motion to set aside default (Doc. 24) are **struck**.

    **IT IS FURTHER ORDERED** that the Clerk mail a copy of this order to Susan Cohn, 3763 S Hudson Pl, Chandler, AZ 85286.

    Dated this 18th day of June, 2024.

_____
Dominic W. Lanza
United States District Judge