**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Jones, | No. CV-23-01564-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Vector Technology Systems LLC, et al., | |
| Defendants. | |

On January 3, 2025, the court granted default judgment against defendants Vector Technology Systems LLC, Mark Cohn, and Susan Cohn. (Doc. 39.) On January 13, 2025, Mark Cohn filed a "Motion to Compel Acceptance of Judgment Amount." (Doc. 41 at 1.) And on January 17, 2025, plaintiff Stephen Jones filed a motion for attorneys' fees and costs. (Doc. 42.) Mark Cohn's motion has no legal basis, and Jones is entitled to the fees and costs he seeks.

**I. Motion to Compel Acceptance of Judgment Amount**

The court granted default judgment in the amount of $11,328 on Jones's claims for unpaid wages under the Fair Labor Standards Act and Arizona law. (Doc. 39 at 6.) The "Motion to Compel Acceptance of Judgment Amount" and accompanying declarations state that in April 2024, Cohn made a settlement offer to Jones for $12,500. Jones "rejected this offer, providing no counter-offer." (Doc. 41 at 4.) After judgment was entered, Cohn offered to pay "the entire judgment amount plus statutory interest." (Doc. 41 at 4.) Jones's counsel "invited [Cohn] to pay the judgment amount but made it clear that [counsel] would

be seeking [an] additional" amount in attorneys' fees. (Doc. 41 at 4.) Cohn then filed his motion, apparently requesting the court require Jones "accept" the judgment amount (*i.e.*, $11,328) as full satisfaction for defendants' liability. In other words, Cohn believes Jones should be required to forego an award of attorneys' fees. There is no basis for Cohn's request.

The FLSA allows for a plaintiff to recover unpaid wages, but it also includes a fee-shifting provision.[1] 29 U.S.C. § 216(b). "The award of an attorney's fee is mandatory if a plaintiff prevails in the FLSA action." *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 478 (D. Ariz. 2019). Jones prevailed in this case and judgment in the amount of $11,328 was entered in his favor. That judgment reflected only Jones's damages, not his attorneys' fees. The court must award Jones his reasonable attorneys' fees on top of his judgment, and Cohn's request that it do otherwise is denied.[2] *Starstone Ins. SE v. City of Chicago, Illinois*, No. 23-2712, 2025 WL 985108, at *2 (7th Cir. Apr. 2, 2025) (noting "[attorneys'] fees and costs come on top of damages").

**II. Amount of Attorneys' Fees**

"To determine a reasonable attorneys' fee under FLSA, the Court uses the lodestar method. The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Gary*, 398 F. Supp. 3d at 485 (simplified). Once the lodestar is calculated, the court may increase or decrease the total based on "factors that are not already subsumed in the initial lodestar calculation." *Id.* (simplified).

"[A] 'reasonable' number of hours equals [t]he number of hours . . . [which] could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). In identifying the reasonable number of hours, Jones's counsel

---

[1] The Arizona Minimum Wage Act also includes a mandatory fee-shifting provision. A.R.S. § 23-364(G).
[2] Cohn's motion references Fed. R. Civ. P. 68 which allows for a party defending a claim to serve an offer of judgment. If an offer of judgment is rejected and the final judgment "is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Even if Cohn properly served an offer of judgment, he has not identified any costs he incurred after making that offer. Cohn's reference to Rule 68 is therefore misplaced.

excluded "several calls and emails with Defendants' counsel that were considered unproductive." (Doc. 42-1 at 4.) The excluded calls and emails totaled approximately $3,000. (Doc. 44 at 5.) After this exercise of billing judgment, Jones's counsel seeks an award of 38.7 hours for litigating this case. Counsel attached billing records supporting the amount of time spent on discrete tasks. The time reflected in those billing records was reasonable.

Almost 40 hours may be on the high side of what is permissible in a default judgment case, but this was an unusual case. Defendants communicated with Jones's counsel throughout this suit and as the court noted in granting default judgment, apparently meant to delay its resolution. (Doc. 39 at 5.) That behavior increased the amount of time counsel had to spend on this case. For example, Jones's counsel exchanged numerous emails with Cohn regarding Jones's claims and defendants' alleged inability to pay any judgment. (Doc. 42-1 at 7.) Once the complaint was filed, defendants filed a variety of documents that prompted additional work by Jones's counsel, such as reviewing and responding to an improper "Motion to Dismiss" (Doc. 29), baseless motions "to set aside first default judgment" (Doc. 31, 32), improper "sur responses to motion for default" (Doc. 33, 34), and a doomed "motion to compel" (Doc. 41). Counsel also had to prepare and file a motion for default judgment and a motion for attorneys' fees. Expending 38.7 hours on those tasks and all others required to litigate this case was entirely reasonable.

Cohn objects to a few specific time entries. He argues it was unreasonable for counsel to spend "nearly 2 hours to draft the simple motion for default." (Doc. 43 at 2.) The referenced motion was fifteen pages long and attempted to explain the somewhat-complicated factual background for Jones's claims and the procedural history leading up to the motion for default judgment. Spending "nearly 2 hours" to draft that motion was reasonable. Cohn also argues it was unreasonable for counsel to spend approximately two hours doing research in preparing the initial complaint and approximately one hour to prepare an amended complaint. As explained by counsel and supported by the record, defendants "were attempting to play a shell game with their money in order to hide it from

Plaintiff." (Doc. 44 at 4.) Time spent researching and drafting the original and amended complaints was necessary to counter that "shell game." Cohn makes a variety of other objections to time entries, but none have merit.

None of Cohn's objections are meritorious but Cohn also seems to believe the court must scrutinize every time entry with great care. That is incorrect. "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). In evaluating the reasonable number of hours, the court may consider its "overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* A total of less than 40 hours to successfully litigate this case to its conclusion was reasonable.

The reasonable hourly rate is based on the "prevailing market rates in the relevant community." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). Counsel requests an hourly rate of $425. He has been practicing law since July 2015 and his current practice "focuses on FLSA violations, Arizona wage and hour laws, and employment discrimination claims." (Doc. 42-1 at 3.) Counsel is "very acquainted with many employment attorneys throughout Arizona" and the "typical billing rates for experienced employment practitioners with over nine (9) years of experience ranges anywhere from $375 to $600 per hour." (Doc. 42-1 at 4.) Counsel ably represented his client in this case and his rate at the low end of the range is reasonable.

Multiplying the reasonable hours by the reasonable rate produces a lodestar of $16,447.50. Jones does not seek any adjustment to that amount, but Cohn identifies four factors as meriting a downward adjustment: the novelty of the case, preclusion of other employment, requisite skill, and the undesirability of the case. (Doc. 43 at 3.) Of these four, two of them are already subsumed in the lodestar and cannot be used to adjust it. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1997) (novelty of the case and skill of counsel are subsumed in lodestar). That leaves only the preclusion of other employment and the undesirability of the case. Cohn does not explain why a downward adjustment is

appropriate based on the preclusion of other employment. In general, that factor merits increasing the lodestar, not decreasing it. No adjustment to the lodestar based on this factor is appropriate. Similarly, the undesirability of the case usually supports an increase in the lodestar. An increase might have been merited in this case because, as plaintiff's counsel convincingly argues, cases like this one are undesirable because attorneys' fees often exceed the final judgment amount, making it "challenging to justify attorney's fees." (Doc. 42-1 at 4.) No downward adjustment is appropriate.

### III. Costs

Jones seeks an award of $921.25 in costs. (Doc. 42-1 at 9.) Those costs include the filing fee and private process servers' fees. (Doc. 42-1 at 9.) Those costs are identified as taxable under Local Rule 54.1 and Jones likely should have filed a Bill of Costs seeking those costs. But Cohn does not object on that basis, and in the circumstances of this case the court will award the full amount of costs.

Accordingly,

**IT IS ORDERED** the Motion to Compel Acceptance (Doc. 41) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion for Attorneys' Fees (Doc. 42) is **GRANTED**. Plaintiff is awarded $16,447.50 in attorneys' fees and $921.25 in costs, for a total of $17,368.75. Defendants are jointly and severally liable for the entire amount.

Dated this 22nd day of April, 2025.

Honorable Krissa M. Lanham
United States District Judge